LESTER L. ENSWORTH ET ALS. VS. NATIONAL LIFE
ASSOCIATION.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and GAGER, JS.

A judgment dissolving a corporation upon proceedings instituted by
certain of its stockholders is final as to all persons interested who
have notice and an opportunity to appear and object; and therefore
an appeal from such a judgment must be taken within the time
prescribed by statute, and cannot be deferred until after the rendi-
tion of an order distributing the assets and discharging the receiver.

The dissolution of a life insurance company issuing policies on the
"assessment plan", terminates its ability to carry on its business,
and its policy-holders are no longer under any legal obligation to
pay premiums or assessments. Accordingly, the trial court, in re-
ceivership proceedings following such dissolution, may well refuse
to order the receiver to make new assessments, but, on the con-
trary, may properly require him to return such premiums and assess-
ments as were paid subsequent to and in ignorance of the company's
dissolution, as having been paid by mistake and without consider-
ation; and for the same reason the company is equitably bound to
return to its policy-holders a dividend upon claims for unearned
premiums.

Under the plan of insurance in the present case the insured were not
bound to pay assessments when called upon, although their policies
might be forfeited if they neglected to do so. Held that a failure
to respond to an assessment because the company was defunct and
unable to earn it, might present the question whether the policy-
holder had not thereby forfeited his right to the unearned premium,
but not the question—attempted to be raised in this case—whether
claims for overdue assessments could be set off against those for un-
earned premiums.

Claims allowed by the Superior Court in receivership proceedings will
be presumed to have been seasonably presented, in the absence of
anything in the record to show the contrary.

The facts upon which an assignment of error is based must appear of
record, otherwise no question of law is properly presented for the
consideration of this court.

Argued November 10th, 1908—decided January 27th, 1909.

APPEAL by certain creditors of the defendant from an
order and decree of the Superior Court in Hartford County,

*Curtis, J.*, in receivership proceedings, allowing the final account of the receiver. *No error.*

*Henry G. Newton*, for the appellants (Margaret C. Tietjen *et als.*).

*Charles E. Gross*, for the appellee (receiver of the defendant).

THAYER, J. Upon the complaint, dated June 30th, 1899, of Lester L. Ensworth and others, representing themselves to be stockholders of the National Life Association, a corporation chartered by the General Assembly of this State as an insurance association and located in Hartford, the Superior Court, on July 7th, 1899, after due notice of the time of hearing the complaint, and after a hearing had upon it, passed an order dissolving the corporation, and, upon the same day, passed an order appointing Frederick A. Betts receiver of the funds, estate and assets of the corporation, with power to demand, receive, sue for and recover the same, wherever found, in his own name as receiver. Since that date the court, through its receiver, has been winding up the affairs of the corporation, as provided by. statute, until August 24th, 1908, when a final order was passed that upon the payment of certain expenses of the receivership, and a dividend of between seven and eight per cent. to all creditors who had proved their claims, the receiver should be discharged from all further liability on account of the receivership.

The complaint upon which the Superior Court acted alleged that the corporation was solvent and had sufficient assets to pay all of its liabilities, and that it was for the interest of all the stockholders that it should wind up its affairs. The court, in its judgment dissolving the corporation and appointing the receiver, found these allegations to be true. The assets, upon winding up the affairs of the association, proved insufficient to pay its liabilities in full.

It appears from an application for instructions made to the court by the receiver, but does not otherwise appear in the record, that the corporation, in its life insurance business, issued life insurance policies upon what is known as the assessment plan. Some policies were issued upon the single-premium plan, and others upon a plan called the natural-premium plan, requiring quarterly, monthly, or bi-monthly payments. In the case of all the policies a portion of the premium was a fixed sum, and the other portion, oftentimes the greater portion, was fixed and determined from time to time by the corporation according to the amount of the death losses under the provisions of the policy; and the payment thereof became due, upon and in accordance with the provisions of the assessments so made, at fixed periods, notices of which were sent out to the policy-holders by mail. All of the policies provided for their continuation only in case the premiums or assessments, so made by the corporation, should be paid on or before the date specified in such notices. Certain of the policies provided that in case the mortuary fund in any class at any time should not be sufficient to meet the death losses which should occur in that class of policy, assessments to meet such losses should be made upon the holders of policies of that class. The corporation maintained no reserve fund, and no mortuary fund was set apart for the payment of these claims.

On the 30th day of June, 1899, and just previous to the filing of the complaint in the Superior Court, some one of the officials of the corporation sent out a large number of assessments to its policy-holders. After his appointment and qualification, said receiver, through remittances sent to the corporation in response to the notices, received premiums and assessments amounting in the whole to several thousand dollars. Said premiums and assessments were paid by the policy-holders in ignorance that a receiver had been appointed and that the corporation had been dissolved, and

were made for the purpose of continuing said policies. There existed valid death claims against the corporation at the time of its dissolution.

The court did not order, and so far as appears was not requested to order, the receiver to make any assessment for death claims, and he made none.

The court allowed to living policy-holders dividends upon claims for unearned premiums from the date of the order of dissolution.

The appellants, who are death claimants, assign error on the part of the court (1) in dissolving the corporation; (2) in not ordering the receiver to make an assessment for death claims and send out notices of such assessment; (3) in ordering the return of the premiums and assessments received after the company had been dissolved; (4) in ordering a dividend to be paid on claims for unearned premiums to living policy-holders who at the time of the commencement of the action were liable to assessments for death claims to a larger amount than the unearned premium and assessment; (5) in ordering a dividend to be paid on claims for unearned premiums to living policy-holders when such claims were not presented by the policy-holders in accordance with the order of the court; (6) in ordering dividends to be paid on claims for unearned premiums when the amount of dividend would be less than the cost of ascertaining and paying it; (7) in ordering a dividend to be paid on unearned premiums when the unpaid assessments laid prior to the dissolution of the corporation exceeded such unearned premiums.

The proceeding for the dissolution of the corporation was a statutory one brought by certain of its stockholders against it, asking that it be dissolved and its affairs wound up. The court gave notice of the proceeding and of the time of hearing to its creditors and policy-holders before proceeding to act upon the complaint. The present death claimants then had an opportunity, had they seen fit,

to intervene and object to the dissolution. They failed to do this, and the court proceeded to a hearing and rendered its judgment. That judgment was final between the parties, and the time within which they, or these creditors, could take an appeal from that judgment, has long since expired. The claimants are therefore precluded from now raising the question attempted to be raised by the first-mentioned assignment.

The claimants say that the corporation should have laid and collected an assessment for all death claims before a receiver was applied for, and that, had this been done, if the assessments had been paid, the assets of the corporation would have been increased to the extent of the payments made; and, if the assessments had not been paid, the policies would have been forfeited and no claim thereon could have been made for unearned premiums. They also contend that the corporation having failed to lay the assessments, the court should have ordered the receiver to lay them. It is unnecessary to inquire why the corporation failed to do this. It may be that its relations to the insurance department of the State rendered it impolitic. An attempt by the court to do it would have been futile. The policy-holders were under no legal obligation to pay the assessments on their policies to the corporation, if laid. They were not situated like policy-holders in mutual companies, who are legally bound to pay death-claim assessments. Their only purpose in paying assessments on policies in this corporation would be to continue their policies in force, that is, to continue the company's obligation to insure them. When the corporation was dissolved, its ability to insure the policy-holder ceased. The receiver was not appointed to continue its business, but to receive its assets, pay its creditors, and wind up its affairs. An assessment paid to him, therefore, would be without consideration, and without legal obligation on the part of the policy-holder to pay it. The court, therefore, could not

properly order the receiver to make the assessments, and the claimants have no ground for complaint in its failure to do so.

For the same reason the premiums and assessments which were sent to the corporation after its dissolution, by policy-holders ignorant of the fact that it had been dissolved and was no longer able to insure them, were properly ordered to be returned, as having been paid by mistake and without consideration.

The remaining reasons of appeal relate to the allowance of dividends upon claims for unearned premiums. These were proper claims against the corporation. By its dissolution it became unable to earn the full premium which it had received, and thereby forfeited the policy. The policy-holders who had paid the premiums were therefore entitled to recover the amount of premium unearned by the corporation. There is nothing in the finding showing that any assessment against any of these policy-holders had been legally laid prior to its dissolution. It appears in the receiver's application for instructions already alluded to, that in June, prior to its dissolution, the insurance department of the State had forbidden the corporation from sending out any more assessments. But, as already stated, if there had been such assessments the policy-holders were not bound to pay them. And if they neglected to pay them because the corporation was defunct and could not earn them, the question would be whether they thereby forfeited their right to the unearned premium, and not the one which is raised by the fourth and seventh reasons of appeal, which assume that a claim for the assessment could be set off against the claim for the unearned premium. The court correctly held, upon the facts, that there was no liability for assessments which prevented the allowance in full of the claims for unearned premiums.

The fifth reason of appeal assumes that some of the claims were not presented in time. There is nothing in the

finding which shows that these claims were not presented within the time limited by the court for the presentation of claims; but if they were not presented within that time, the court had power to extend the time for their presentation. As it has allowed the claims, it will be presumed, in the absence of any finding to the contrary, that the claims were seasonably presented.

The sixth reason, without any finding as to the cost of ascertaining and paying the claims for unearned premiums, or that such cost will exceed the amount of the premium, assumes that such will be the fact. No question of law is properly presented for our consideration by this reason of appeal.

There is no error.

In this opinion the other judges concurred.